BOARD OF HEALTH OF THE TOWNSHIP OF SCOTCH PLAINS, PLAINTIFF-RESPONDENT, v. JOHN PINTO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 17, 1969—Decided February 2, 1970

Before Judges KILKENNY, LABRECQUE and LEONARD.

*Mr. Harry Kay* argued the cause for appellant.

*Mr. James J. Walsh* argued the cause for respondent.

*Messrs. Crane* and *Beglin* (*Mr. Carlyle W. Crane,* on the brief) filed a brief *amicus curiae* on behalf of the Plainfield Area Cartmen's Association and other refuse collectors.

The opinion of the court was delivered by
KILKENNY, P. J. A. D. On October 3, 1968 defendant unilaterally sent bills with increased monthly rates to property owners in Scotch Plains for collecting their garbage and refuse, without applying to and receiving approval of the local board of health. This was in violation of section 6.2 of a Scotch Plains Board of Health ordinance, known as chapter 57–7. For this violation he was convicted and fined $100 in the Scotch Plains Municipal Court. On appeal to the Union County Court, the conviction was affirmed.

The present appeal is from the judgment of the County Court. Defendant contends that (1) section 6.2 of the Scotch Plains Board of Health ordinance is an *ultra vires* exercise of *municipal* authority, and (2) section 8.1 of the same ordinance is "doubtful, vague and uncertain and violative of due process of law."

The matter comes before us on a stipulation of facts signed by the attorneys for the respective parties. The stipulation may be summarized as follows:

The Township of Scotch Plains presently has an ordinance which limits to 11 the number of licenses that shall be issued in the township by the township board of health for the collection of garbage. This ordinance is presently being amended to make the number of such licenses unlimited. There is a biennial license fee of $100 for each license. Defendant Pinto is one of the 11 licensed scavengers. The scavengers bill the homeowners directly for the collection service. The ordinance provides that the rate they bill the homeowners must be approved by the board of health.

The making of the complaint and disposition of the matter by $100 fine imposed by the municipal court is conceded.

For the purpose of this appeal, it is stipulated that defendant did send a bill to a customer for residential service at an increased rate, without first having obtained the approval of the board of health. The customer did not pay to defendant the rate increase.

A copy of the ordinance in question was submitted and marked "Exhibit A". Also submitted and marked "Exhibit B" is the proposed amendment to the ordinance.

## I

We consider defendant's first argument that section 6.2 of the ordinance in question is an *ultra vires* exercise of municipal authority.

Section 6.2 authorizes a change during the license year of the schedule of rates stated in the license application, but it requires the licensee to deliver to the board of health an amended schedule of rates with notice of the date when it is proposed to become effective, said date to be not less than 30 days after delivery of the new schedule. It further provides that "the amended schedule of rates shall not become effective on the effective date *until approved by the Board of Health.*" Further, notice of the change must be delivered by mail or otherwise to each resident of the township then being served by the license holder.

Defendant concedes that the collection and disposal of garbage is intimately associated with the public health and that stringent control is indispensable. He agrees that an ordinance regulating disposition of garbage, not in conflict with any applicable statute or legislative policy and bearing a reasonable relation to safeguarding the public health, is entitled to a presumption of validity. He cites *Marangi Bros. v. Bd. of Com'rs of Ridgewood,* 33 *N. J. Super.* 294 (App. Div. 1954). But he maintains that a municipal board of health has not been delegated any power or authority to approve, disapprove, fix or determine the rates to be charged the customer for the collection and disposal of refuse, garbage and waste. Absent grant by the Legislature of municipal control of rates, defendant argues that rate control is solely vested in the State.

*N. J. S. A.* 40:52–1(c) expressly authorizes the "governing body" of municipalities to enact ordinances *to license and regulate* "scavengers." *N. J. S. A.* 40:66–4 permits "the governing body" to make a contract for the collection and disposal of garbage, if bids have been advertised for whenever the amount of the contract exceeds $2500. *N. J. S. A.* 40:48–2 gives municipalities authority to adopt ordinances, regulations and rules "for the preservation of the public health." See, too, *N. J. S. A.* 40:66–1 giving the governing body authority over removal and disposal of garbage. By such enactments the Legislature has granted ample power

to municipal governing bodies to accomplish control of the collection and disposal of garbage in furtherance of the public health. *Marangi Bros., supra,* 33 *N. J. Super.,* at 300; *Township of Dover v. Witt,* 7 *N. J. Super.* 259 (App. Div. 1950).

*Witt* states, "Ample power to deal with the problem [disposal of garbage] has been granted to *Municipal Boards of Health and Governing Bodies."* (Emphasis added) *Cf.* 7 *N. J. Super.,* at 361 and the citations thereat. In *Witt,* defendant and another were convicted in the Municipal Court of Dover Township for violating *ordinances of the board of health and governing body,* prohibiting the dumping of garbage elsewhere than in a designated public dumping area. We affirmed the convictions on appeal. Significantly, the board of health ordinance and an ordinance adopted by the governing body of the township contained provisions of like nature as to the requirement to use the designated public dumping area, and prohibiting dumping of garbage elsewhere.

The propriety of separate ordinances by the township and the board of health was not questioned in *Witt.* We recognized there the rule laid down in *Nicoulin v. Lowery,* 49 *N. J. L.* 391 (Sup. Ct. 1887), that the powers vested in local boards of health are not necessarily antagonistic to the exercise of the powers granted to municipal governments. Both powers may co-exist, unless a legislative intent clearly appears otherwise. 49 *N. J. L.,* at 393.

"Control of garbage and decaying vegetable and like matter is indispensable to the public health, safety and comfort." *Earruso v. Board of Health, E. Hanover Tp.,* 120 *N. J. L.* 463, 469 (Sup. Ct. 1938). In that case a board of health ordinance regulating the dumping of garbage was upheld as valid.

In the enumeration of the specific powers and duties of local boards of health, statutorily expressed in *N. J. S. A.* 26 :3–31, authority is granted to adopt ordinances and make

rules and regulations in regard to the public health. Included among the listed purposes, are the powers

f. To regulate, control, and prohibit the accumulation of offal and any decaying or vegetable substance.
\* \* \* \* \* \* \* ′ \*
h. To regulate, control, or prohibit \* \* \* the dumping of garbage \* \* \*.

The powers delegated to municipal governing bodies are separately stated in legislative enactments, as noted above, in reference to garbage disposal and protection of the public health. But co-existence of municipal regulation in governing bodies and local boards of health has been established by the Legislature. Compare *Atlantic City v. Abbott*, 73 *N. J. L.* 281 (Sup. Ct. 1906), upholding a city ordinance limiting the use of public streets for collection of garbage, with *Board of Health, Weehawken Tp. v. New York Central R. Co.*, 4 *N. J.* 293 (1950), upholding a local board of health ordinance regulating air pollution, despite the governing body's *general* authority to protect the public health.

■ The Scotch Plains Board of Health had statutory authority to adopt ordinances under *N. J. S. A.* 26:3–31 regulating and controlling garbage collection and disposal. The use of licensed scavengers as provided for in the board's ordinance to effect that purpose carried with it the power by the board of health to control the rates charged by them. Licensees thereunder are subject to reasonable regulation and control as to the rates they charge. This is essential in the public interest. Since authority has been vested by the Legislature in both local boards of health and municipal governing bodies with reference to garbage collection and disposal, the incidental control over the rates to be charged when private scavengers are permitted for that purpose was not *ultra vires*.

II

■ We find no substantial merit in defendant's claim that section 8.1 of the subject Board of Health ordinance —

fixing the penalty as a fine of not exceeding $100 for violation of the ordinance — is "doubtful, vague and uncertain and violation of due process of law."

Section 8.1 also provides for up to 30 days imprisonment upon failure to pay such fine. It also states: "However, where the penalty for such offense is limited by the *state statute* then such limitations shall be applicable notwithstanding the provisions of this ordinance." (Emphasis added). Section 8.2 provides, additionally, that any licensee violating any provision of the ordinance, or the rules and regulations of the board of health relating thereto, may be subject to a suspension or revocation of his license upon due hearing before the board of health.

*N. J. S. A.* 26:3–70 and 71 provide:

26:3–70. Local board may prescribe penalty.

The local board may prescribe a penalty for the violation of any provision of a health ordinance or code. Such penalty shall not be more than one hundred dollars nor less than two dollars.

26:3–71. Penalty need not be specific amount.

The penalty for the violation of a provision of a health ordinance or code need not be for a specific amount, but the local board may provide that the penalty shall not be less than one given sum nor greater than another given sum. The amount of the penalty between the maximum and minimum exclusive shall be left to the discretion of the court.

These two sections do not provide for imprisonment. However, *N. J. S. A.* 26:3–72, 75 and 77 authorize enforcement of the fine penalty in the municipal court to the end that a defendant who refuses or neglects to pay may be committed to the county jail for a period not exceeding 90 days.

Though the penalty provision of the ordinance is inartistically drawn, it complies in substance with the aforesaid statutory provisions. The fine imposed was within the stat-

utory limit, as was the possible term of imprisonment upon failure to pay the fine. Moreover, the general reference to the statutory limitations fixed by the state statute is controlling. Since a board of health ordinance was involved, there could be no reasonable doubt that the "state statute," referred to in section 8.1, related to that governing local boards of health, their ordinances and penalties for violation thereof.

The judgment of conviction is affirmed.